# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

VICTOR CHAVEZ JIMENEZ,

    Plaintiff,

v.

SECRETARY, DEPARTMENT OF HOMELAND SECURITY, DIRECTOR, CITIZENSHIP AND IMMIGRATION SERVICES and DIRECTOR, NATIONAL BENEFITS CENTER, CITIZENSHIP AND IMMIGRATION SERVICES,

    Defendants.
_____/

Case No: 6:18-cv-1113-Orl-40GJK

## ORDER

This cause comes before the Court without oral argument on Defendants' Motion to Dismiss (Doc. 12) and Plaintiff's Response in Opposition (Doc. 15). With briefing complete, the matter is ripe. Upon consideration, Defendants' motion is due to be denied.

## I. BACKGROUND

Plaintiff brings this action against Defendants, Secretary for the Department of Homeland Security ("**DHS**") and Directors for U.S. Citizenship and Immigration Services ("**USCIS**") and National Benefits Center, USCIS ("**NBC**"), seeking relief for the denial of Plaintiff's application for employment authorization. (Doc. 1).

Plaintiff is a Mexican citizen currently residing in Orange County, Florida, (Doc. 1, ¶¶ 1, 9). At all times relevant to this action, removal proceedings were pending against Plaintiff in the Executive Office for Immigration Review ("**EOIR**"). (*Id.* ¶ 13). As part of those proceedings, Plaintiff submitted an Application for Cancellation of Removal and

Adjustment of Status for Certain Nonpermanent Residents ("**Form EOIR-42B**") in 2015. (*Id.* ¶ 25).

Plaintiff became eligible to petition for employment authorization from USCIS due to the pendency of his Form EOIR-42B application. (*Id.* ¶ 18). Thus, in 2016, Plaintiff filed an Application for Employment Authorization ("**Form I-765**") with the NBC. (*Id.* ¶ 23). Through the Form I-765, Plaintiff sought an employment authorization document, permitting Plaintiff to accept employment in the United States despite the pending removal proceedings. (*Id.* ¶¶ 10, 14). Plaintiff's first Form I-765 was approved and Plaintiff received an employment authorization document valid from August 24, 2016, through August 23, 2017. (Doc. 1-4, pp. 2–3).

On August 8, 2017, Plaintiff filed a second Form I-765, seeking to renew his employment authorization. (Doc. 1, ¶ 12). On March 5, 2018, USCIS sent Plaintiff a Request for Evidence that "the Immigration Court has accepted [Plaintiff's] properly filed Form EOIR-42B . . . [.]" (Doc. 1-2, p. 2). Plaintiff responded by submitting a Form EOIR-42B received by the Immigration Court on February 8, 2018. (Doc. 1, ¶¶ 20–21). Then, on May 8, 2018, USCIS denied Plaintiff's Form I-765 because the EOIR-42B was received by the Immigration Court *after* the Form I-765 was filed. (*Id.* ¶ 21–22). Plaintiff claims that denial was made in error and therefore brings this suit.

The Complaint seeks relief under the Administrative Procedures Act ("**APA**") and the Court's authority under the Mandamus Act, 28 U.S.C. § 1361. (*Id.* ¶¶ 29, 31). Defendants move to dismiss the Complaint for want of subject matter jurisdiction, because the APA does not provide for review of actions "committed to agency discretion by law," and Defendants contend that their actions were discretionary. (Doc. 12, p. 6).

## II. DISCUSSION

Defendants challenge the Court's jurisdiction over the Complaint. (Doc. 12). Subject matter jurisdiction is a nonwaivable prerequisite to any district court suit, which must be affirmed at the outset.

Defendants move to dismiss the Complaint because the APA precludes judicial review of discretionary agency action, and the decision to deny Plaintiff's Form I-765 was discretionary, per the Code of Federal Regulations. (Doc. 12, pp. 6–7). Plaintiff contends that the discretionary conduct bar does not apply because "the decision here did not rely upon the agency's exercise of its inherent decision." (Doc. 15, p. 5).

Section 706(2) of the APA in combination with Title 28 U.S.C. § 1331 confer the Court with subject matter jurisdiction to set aside agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 28 U.S.C. § 706(2)(A); *Daniel v. Castro*, 662 F. App'x 645, 647 (11th Cir. 2016) (per curiam);[1] *Singh v. Neufeld*, No. 6:05-cv-1344, 2006 WL 4876953, at *2 (M.D. Fla. Feb. 16, 2006). However, the APA "expressly excerpts review under its provisions where . . . 'agency action is committed to agency discretion by law.'" *Perez v. USCIS*, 774 F.3d 960, 965 (11th Cir. 2014) (per curiam) (quoting 5 U.S.C. § 701(a)(2)). The so-called "committed to agency discretion exception" is "very narrow," and is only applicable where "statutes are drawn in such broad terms that in a given case there is no law to apply." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971), *abrogated on other*

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

*grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977). Judicial review is therefore unavailable where "a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Lenis v. U.S. Attorney Gen.*, 525 F.3d 1291, 1293 (11th Cir. 2008) (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)).

The immigration regulations guide the process of issuing employment authorization documents to aliens. Title 8 C.F.R. § 274a.12 enumerates the classes of aliens eligible to seek employment authorization via a Form I-765. The applicable subsection provides, in pertinent part, "An alien who has filed an application for . . . cancellation of removal . . . and whose properly filed application has been accepted by the Service or EOIR" may apply for work authorization. *Id.* § 274a.12(c)(10). The regulations further provide that "[t]he approval of applications filed under 8 CFR 274a.12(c) . . . are within the discretion of USCIS." *Id.* § 274a.13(a)(1).

Defendants maintain that Plaintiff was not eligible to apply for employment authorization because his application for cancellation of removal had not been accepted *by EOIR*—without addressing whether Plaintiff had a properly filed application accepted by "the Service"—before filing the Form I-765. (Doc. 12, p. 3). Indeed, in describing 8 C.F.R. § 274a.12(c)(10) in the briefing, Defendants do not acknowledge the Service, instead Defendants assert that (c)(10) applies only where an alien's application for cancellation of removal "has been accepted by the [EOIR]." (Doc. 12, p. 4). This detail is critical as Plaintiff alleges that he submitted (and USCIS was aware of his submission of) a Form EOIR-42B to the Service on November 19, 2015—well before the relevant Form I-765 was filed. (Doc. 1, ¶ 25; Doc. 15, p. 4). Plaintiff attests that he was therefore eligible for employment authorization and that the USCIS' contrary decision was error.

4

Defendants do not address this argument, namely the effect of Plaintiff's 2015 application for cancellation of removal, in the briefing.

On this record, the Court finds that Plaintiff's case does not fall within the "committed to agency discretion exception." While generally USCIS decisions to approve or deny applications for employment authorization are discretionary, see 8 C.F.R. § 274a.13(a)(1), there is a "meaningful standard against which to judge [USCIS'] exercise of discretion" in this case. *See Lenis*, 525 F.3d at 1293. Defendants' denial of Plaintiff's Form I-765 was apparently based on Plaintiff's failure to show a properly filed application for cancellation of removal accepted by the EOIR before the filing of his Form I-765. (Doc. 1, ¶¶ 21–23, 25; Doc. 12, pp. 3–4). But as Plaintiff points out, aliens may prove eligibility for work authorization by showing a properly-filed application for cancellation of removal that was accepted by the Service. 8 C.F.R. § 274a.12(c)(10). Because Defendants fail to address this alternative route to work authorization eligibility—and because their denial of Plaintiff's Form I-765 was based on the threshold issue of Plaintiff's compliance with 8 C.F.R. § 274a.12(c)(10), which provides a route to eligibility ignored by Defendants—their motion to dismiss for lack of subject matter jurisdiction is due to be denied. *See, e.g.*, *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, 677 F.3d 1073, 1085 (11th Cir. 2012) ("[N]ot every agency action that is in some sense discretionary is exempt from APA review."). Simply put, Defendants' rationale for denying Plaintiff's Form I-765 is inconsistent with § 274a.12(c)(10) in that it fails to address the effect of a timely application to cancel removal proceedings accepted by the Service.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (Doc. 12) is **DENIED**. Defendants shall answer the Complaint on or before **Friday, January 25, 2019**.

**DONE AND ORDERED** in Orlando, Florida on January 11, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties